NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARTY D. ALEXANDER,               )
                                  )
            Appellant,            )
                                  )
v.                                )       Case No. 2D15-4075
                                  )
STATE OF FLORIDA,                 )
                                  )
            Appellee.             )
_____)

Opinion filed March 30, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Kelly P. Butz, Judge.

Marty D. Alexander, pro se.

PER CURIAM.

Marty D. Alexander appeals the order summarily denying his motion filed

under Florida Rule of Criminal Procedure 3.850. We affirm the denial of grounds two

and three of Alexander's motion without further comment; we reverse the denial of

ground one and remand for further proceedings.

Alexander entered an open no contest plea to failure to register as a sex

offender, and the trial court sentenced him to 59.7 months' imprisonment as

recommended by the guidelines and the State. In ground one of his rule 3.850 motion,

Alexander alleged that the second public defender to represent him failed to convey an

early resolution plea offer of thirty-six months' imprisonment and that if counsel had conveyed the offer, he would have accepted it. He asserted that he learned of the offer well after it expired, but he did not allege when the offer was supposed to have expired.

The postconviction court correctly deemed ground one as facially insufficient under Alcorn v. State, 121 So. 3d 419, 430 (Fla. 2013) (holding that a claim of ineffectiveness of counsel based on the failure to convey a more favorable plea offer requires that a defendant establish that he would have accepted the offer had counsel advised him correctly, the prosecutor would not have withdrawn the offer, the court would have accepted the offer, and the conviction or sentence or both would have been less severe than the judgment and sentence that were imposed). However, it declined to provide Alexander an opportunity to amend because it found that ground one was refuted by the record attachments to its order. Specifically, the court found that early resolution offers usually expire by the first status conference, but the docket showed that counsel was not appointed attorney of record until five days after Alexander's first status conference. Thus, the court found, counsel could not have been ineffective for failing to convey the offer because it would have been withdrawn prior to her representation of Alexander.

The record attachments to the court's order are silent on the thirty-six-month offer and when it expired. The postconviction court's statement that early resolution plea offers usually expire by the first status conference and its finding that the offer was withdrawn prior to counsel's representation of Alexander are not supported by the portions of the record it attached to its order. Because the record does not

- 2 -

conclusively refute ground one of Alexander's motion, the postconviction court erred in denying it on the merits.

Accordingly, we affirm the postconviction court's denial of grounds two and three of Alexander's motion, but we reverse the denial of ground one and remand with directions for the postconviction court to dismiss ground one and provide Alexander sixty days to amend it to state a facially sufficient claim for relief under Alcorn. See Fla. R. Crim. P. 3.850(f)(3) (providing that the court shall enter a nonappealable order granting a defendant sixty days to amend any timely but facially insufficient grounds).

Affirmed in part, reversed in part, and remanded.

KELLY, MORRIS, and LUCAS, JJ., Concur.